## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACK RAY WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 10-CV-141-GKF-PJC** |
| | ) | |
| KRISTIN TIMS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court for consideration is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Jack Ray Watson, a state inmate represented by counsel. Respondent filed a response (Dkt. # 10) and provided the state court records (Dkt. ## 10, 11, and 12) necessary for adjudication of Petitioner's claims.  Petitioner did not file a reply to Respondent's response.  For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On May 8, 2005, at about 1:29 a.m., Petitioner shot Marc Lorrin (Marc) in the head at close range with a .45 caliber pistol in Bixby, Oklahoma. Marc, who survived the shooting but suffered brain damage, was the ex-husband of Petitioner's wife, Lara Lorrin Watson (Lara).  Since their divorce, Marc and Lara had remained good friends. Petitioner and Lara had been married less than two (2) months at the time of the shooting. On May 7, 2005, Petitioner and Lara had a disagreement over the amount of contact Lara had with Marc. As a result of that disagreement, Petitioner moved his belongings out of the home he and Lara shared.  However, Petitioner came back to the home at about 12:30 a.m. on May 8, 2005, to talk to Lara. They agreed to try to make up.  Petitioner left to go to a nearby convenience store to buy ice cream for Lara. While he was gone, Marc arrived at about 12:50 a.m.  He and Lara were drinking, smoking and talking together on the back patio.

Petitioner returned and shot Marc in the head at 1:29 a.m. Because of damage to his brain, Marc Lorrin has no memory of the shooting.

Based on those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2005-2139, with Shooting With Intent to Kill. Petitioner was tried by a jury. At trial, Petitioner's defense was that he shot Marc Lorrin in defense of his wife. Petitioner had told police officers that when he returned from the convenience store that night, he heard Lara screaming and saw Marc assaulting and choking her. At trial, Lara testified that Marc had not assaulted her and that Petitioner simply walked up and shot him. After eight (8) days of trial, the jury found Petitioner guilty of the lesser included offense of Assault and Battery With a Dangerous Weapon. On January 22, 2007, Petitioner was sentenced to ten (10) years imprisonment and fined $10,000 in accordance with the jury's recommendation. At trial, Petitioner was represented by attorneys James O. Goodwin and Anna Goodwin Benn.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Gloyd L. McCoy. Petitioner raised the following propositions of error:

| | |
|---|---|
| Proposition 1: | Defense counsel was operating under a conflict of interest; a state witness accused defense counsel of subornation of perjury; the trial judge failed to inquire into this conflict problem; Mr. Watson was denied effective assistance of counsel due to the conflict of interest; additionally, Mr. Watson was denied a fair trial due to the witness' comments about the defense lawyer. |
| Proposition 2: | The failure to call Mr. Watson to testify in his own defense by trial counsel was ineffective assistance of counsel; Mr. Watson's alleged waiver of his right to testify was ineffectual and Mr. Watson was not fully advised and the waiver was not knowingly made. |

Proposition 3:      The trial judge denied Mr. Watson a fair trial by instructing the jury on the uncharged crime of assault and battery with a dangerous weapon.

Proposition 4:      The trial court committed reversible error by failing to instruct the jury that "self defense" was applicable to the Court's instruction as to "assault and battery with a dangerous weapon"; defense counsel was ineffective in failing to object to the improper instruction.

Proposition 5:      The trial court committed fundamental error when its instructions to the jury failed to state that the "presumption of innocence" applied to the instruction regarding assault and battery with a dangerous weapon.

Proposition 6:      The district judge denied Mr. Watson a fair trial by limiting the ability of his lawyer to cross-examine Lara Lorrin as to inconsistent statements.

Proposition 7:      Mr. Watson was denied a fair trial because of the admission into evidence of irrelevant and prejudicial evidence.

Proposition 8:      The closing argument of the prosecutor contained improper comments which meet the standard of being prosecutorial misconduct; said misconduct was so severe that Mr. Watson is entitled to a new trial.

Proposition 9:      The trial judge's exclusion of important evidence denied Mr. Watson a fair trial.

Proposition 10:      The trial judge accused Mr. Watson's lawyer of presenting a "misstatement" of the evidence in front of the jury which prejudiced Mr. Watson's case.

Proposition 11:      Mr. Watson was denied a fair trial because of the prosecutor's presentation of evidence regarding constitutional rights.

Proposition 12:      The trial judge improperly limited Mr. Watson's closing argument.

Proposition 13:      The trial judge based her sentencing decision on evidence to [sic] which defense counsel had never seen.

Proposition 14:      Mr. Watson was denied the effective assistance of counsel at trial.

Proposition 15:    At minimum, the cumulative effect of the errors that occurred at the trial justify a new trial or appropriate sentencing relief.

Proposition 16:    There can be no harmless error in this case.

(Dkt. # 10, Ex. 1). On July 24, 2008, in Case No. F-2007-101, the OCCA entered its unpublished summary opinion affirming Petitioner's judgment and sentence. See Dkt. # 10, Ex. 3.

Next, Petitioner filed an application for post-conviction relief in the state district court. After being denied relief in the trial court, see Dkt. # 1-4, attached district court order, Petitioner appealed. On post-conviction appeal, the OCCA addressed three (3) claims: (1) both trial and appellate counsel were ineffective for failing to develop readily available evidence of Petitioner's personal knowledge of the victim's abuse of Petitioner's wife, the victim's ex-wife, (2) Petitioner's trial and appellate counsel were ineffective because he was entitled to retroactive application of amended "stand your ground" laws in defense of dwellings that became effective a few weeks prior to his trial, and (3) Petitioner was entitled to an evidentiary hearing and to have the record supplemented with the entire trial court record. See Dkt. # 10, Ex. 4. By order filed March 8, 2010, in Case No. PC-2010-4, the OCCA affirmed the denial of post-conviction relief. Id.

Petitioner, represented by attorney James Hankins, commenced the instant habeas corpus action by filing his petition on March 9, 2010. See Dkt. # 1. On May 10, 2010, he filed his supporting brief (Dkt. # 6). In his supporting brief, he identifies the following grounds of error:

Ground 1:    Watson received ineffective assistance of both trial and appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution because neither lawyer developed readily available evidence to show that Watson had personal knowledge of the abuse suffered by Lara at the hands of Marc.

Ground 2:    Watson was entitled to jury instructions on Oklahoma's "Stand Your Ground" law that became effective a few weeks *prior* to his trial which would have offered to him a complete defense.

4

Ground 3:      Watson's trial counsel developed a prejudicial conflict of interest during the trial when a state witness accused him in open court of suborning perjury in violation of Watson's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 4:      Watson received ineffective assistance of counsel when trial counsel failed to call Watson to testify in his own defense in violation of Watson's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 5:      Watson was denied a fundamentally fair trial in violation of the Fourteenth Amendment to the United States Constitution when the trial judge *sua sponte* instructed the jury on the uncharged crime of Assault and Battery With a Dangerous Weapon.

Ground 6:      The trial court rendered Watson's trial fundamentally unfair by failing to instruct the jury that his defense of "defense of another" as well as the presumption of innocence was applicable to the lesser included offense of Assault and Battery With a Dangerous Weapon; and defense counsel was ineffective for failing to object to the improper instructions in violation of Watson's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 7:      The closing argument of the prosecutor contained comments that deprived Watson of his right to a fundamentally fair trial in violation of the Fourteenth Amendment to the United States Constitution.

Ground 8:      The cumulative effect of the errors at trial deprived Watson of a fundamentally fair trial in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

(Dkt. # 6). The Court notes that in his petition (Dkt. # 1), Petitioner identifies nine (9) grounds for relief.  However, in his supporting brief (Dkt. # 6), Petitioner combines grounds 6 and 7 of the petition into a single ground 6. The Court shall address Petitioner's claims as presented in the supporting brief. In response, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 10.

*ANALYSIS*

**A. Exhaustion**

5

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Respondent concedes and the Court finds that Petitioner has exhausted his state remedies by presenting his claims to the OCCA on direct and post-conviction appeal.  Therefore, the Court finds that Petitioner meets the exhaustion requirements under the law.

## B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

## C.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.[1]  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain

---

[1]The Court recognizes that in his supporting brief (Dkt. # 6), Petitioner challenges the constitutionality of the AEDPA.  He claims that the "deference" provision of 28 U.S.C. § 2254(d) is an intrusion by Congress on the judicial branch of government in violation of the separation of powers doctrine and urges the Court to review his constitutional claims de novo. See Dkt. # 6 at 8-11. However, the United States Supreme Court has explained that "[w]hatever 'deference' Congress had in mind . . . , it surely is not a requirement that federal courts actually defer to a state-court application of the federal law that is, in the independent judgment of the federal court, in error." Williams v. Taylor, 529 U.S. 362, 387 (2000). The Court summarized the application of AEDPA review standards as follows: "the statute directs federal courts to attend to every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law." Id. at 389. In Harrington v. Richter, 131 S.Ct. 770 (2011), the Court explained that "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.  As made clear in Williams and Harrington, habeas corpus review under § 2254(d) does not mandate that federal courts "defer" to state court decisions on questions of federal law.  Therefore, the Court shall deny

federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated grounds 3-8 on direct appeal, and the ineffective assistance of appellate counsel claim raised in ground 1 on post-conviction appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of trial counsel (grounds 4 and part of 6)

As his fourth proposition of error, Petitioner claims that trial counsel provided ineffective assistance in failing to call Petitioner to testify in his own defense.  The OCCA rejected this claim, finding as follows:

> Here Appellant must demonstrate (1) that trial counsel's performance was deficient under prevailing professional norms, and (2) that he was prejudiced by the deficient performance.  *Black v. State*, 2001 OK CR 5, ¶ 65, 21 P.3d 1047, 1070, *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. To demonstrate prejudice, Appellant must show a reasonable probability that, but for counsel's deficient performance, the results of the proceeding would have been different. *Id.*, at 696, 104 S.Ct. at 2068.
> In *Hooks v. State*, 1993 OK CR 41, ¶ 36, 862 P.2d 1273, 1283, we recognized that "whether a defendant will testify on his own behalf at a criminal trial is a decision properly left to the accused," *citing* Rule 1.2(a) of the Rules of Professional

Petitioner's request for de novo review and shall apply the § 2254(d) standard to review of Petitioner's constitutional claims.

Conduct, 5 O.S.2001, Ch. 1, App. 3-A. The record establishes that Appellant was advised of his right to testify in language at least as comprehensive as the advice that appears in *Hooks*. *Id.*, at ¶ 36, 862 P.2d at 1283. In this case, Appellant stated that he understood the right to testify and chose not to testify. Defense counsel's advice to a client on whether to testify is ordinarily a matter of trial strategy and will not be considered ineffective assistance of counsel. *Id.* The strategy in this instance resulted in the admission of Appellant's unsworn statement of his version of events without undergoing cross-examination, an arguably favorable and clearly sound strategy. Appellant has failed to establish deficient performance by trial counsel or a reasonable possibility that the result of the trial would have been different.

(Dkt. # 10, Ex. 3 at 3-4).

In addition, as part of his sixth ground of error, Petitioner claims that trial counsel provided ineffective assistance in failing to object to the Assault and Battery With a Dangerous Weapon instruction because it failed to state that Petitioner's defense of "protection of others" and that the presumption of innocence applied to the instruction. Although the claims of ineffective assistance of trial counsel raised in ground 6 were raised on direct appeal, the OCCA did not analyze the claims. Nonetheless, AEDPA standards apply to habeas review of the state appellate court's decision affirming Petitioner's judgment and sentence. See Aycox v. Lytle, 196 F.3d 1174 (10th Cir. 1999).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner cannot satisfy either prong of the Strickland standard. As to Petitioner's decision not to testify, the record demonstrates that Petitioner told the trial judge, while under oath, that he understood he had the right to testify and that his decision was to not testify. See Dkt. # 12-12, Tr. Trans. at 3-4.  He also told the trial judge that he did not feel like he was being forced to not testify. Id. at 4. The Court finds Petitioner has failed to establish that trial counsel performed deficiently regarding Petitioner's decision not to testify.  In light of Strickland's command that "[j]udicial scrutiny of counsel's performance must be highly deferential," and its admonition not to indulge in the temptation to "second-guess counsel's assistance after . . . adverse sentence," 466 U.S. at 689, the Court cannot say that Petitioner's counsel performed below the prevailing professional norms in advising Petitioner not to testify in his own defense at trial.  In addition, the jury heard Petitioner

9

recount his version of the events through his videotaped interview with police just after the shooting.[2] See Dkt. # 12-16, Tr. Trans. at 819. Petitioner has not demonstrated that the OCCA's rejection of this claim was an unreasonable application of Strickland. He is not entitled to habeas corpus relief on this claim.

As to Petitioner's claim that trial counsel provided ineffective assistance in failing to object to the instruction on Assault and Battery With a Dangerous Weapon, the Court finds in subproposition C(4), below, that Petitioner's underlying claim challenging the jury instruction lacks merit. Counsel does not perform deficiently in failing to lodge an objection that lacks merit or in failing to raise spurious issues. See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining trial counsel's failure to raise a meritless issue is not ineffective assistance). Petitioner has not demonstrated that the OCCA's adjudication of this claim of ineffective assistance of counsel was an unreasonable application of Strickland. He is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

---

[2]The videotaped interview is part of the record before this Court. See Dkt. # 12-25, State's Exhibit 56.

### 2.  Conflict of interest (ground 3)

As his third ground of error, Petitioner claims that trial counsel, James O. Goodwin,

developed a conflict of interest when State's witness Lara Lorrin accused him in open court of

suborning perjury.  See Dkt. # 6.  The OCCA rejected this claim on direct appeal, finding that:

> Appellant alleges trial counsel had an impermissible conflict of interest because a
> State witness accused counsel of suborning perjury and witness intimidation.
> Appellant "must demonstrate that an actual conflict of interest adversely affected his
> lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1718-
> 19, 64 L.Ed.2d 333 (1980). Appellant interprets certain testimony from the State's
> witness as accusing counsel of suborning perjury or intimidating a witness, and thus
> requiring counsel to protect his own interests at trial to the detriment of his client.
> We find that Appellant's trial counsel was never accused of subornation or witness
> intimidation. The record at trial shows that counsel acted at all times as a vigorous
> advocate of the Appellant's defense.  Appellant has not shown that "an actual
> conflict of interest adversely affected his lawyer's performance." *Carey v. State*,
> 1995 OK CR 55, at ¶ 10, 902 P.2d 1116, 1118, *citing Cuyler v. Sullivan*, 446 U.S.
> 335, 349, 100 S.Ct. 1708, 1718-19, 64 L.Ed.2d 333 (1980).

(Dkt. 3 10, Ex. 3 at 3).

The Court finds Petitioner has failed to demonstrate that the OCCA's rejection of this claim

on direct appeal was contrary to, or an unreasonable application of, federal law as determined by the

Supreme Court. 28 U.S.C. § 2254(d).  In order to establish a violation of the Sixth Amendment

based on a conflict of interest, "a defendant who raised no objection at trial must demonstrate that

an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446

U.S. 335, 348 (1980).  Where the defendant makes a timely objection pointing out a conflict of

interest, prejudice is presumed if the trial court fails to make an adequate inquiry into the situation

and take appropriate steps. Selsor v. Kaiser, 22 F.3d 1029, 1032-33 (10th Cir. 1994) (citing

Holloway v. Arkansas, 435 U.S. 475, 484 (1978)). "Prejudice is presumed only if the defendant

demonstrates that counsel 'actively represented conflicting interests'. . . ." Strickland, 466 U.S. at

692 (quoting Cuyler, 446 U.S. at 350). The mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. Furthermore, to demonstrate a Sixth Amendment violation where the trial court failed to inquire into potential conflict of interest about which it knew or reasonably should have known, the defendant has to establish that this conflict of interest adversely affected counsel's performance.  Mickens v. Taylor, 535 U.S. 162 (2002) (capital case involving alleged conflict of interest resulting from defense attorney's representation of defendant's victim at time of murder).

In this case, Petitioner raised no objection at trial based on the alleged conflict of interest. Furthermore, Petitioner's defense counsel clearly provided zealous representation for his client. Lara's trial testimony, that Marc was not assaulting her when he was shot, see Dkt. # 12-14, Tr. Trans. at 396, 402-03, was in conflict with her statements given to the police shortly after the shooting, see id. at 211, and her preliminary hearing testimony, that Marc had his hands around her neck and shoulder area and had pushed her to the ground when he was shot, see Dkt. # 12-26, Trans. Prelim. Hr'g at 57, 80.  She readily acknowledged the inconsistencies and attributed them to being hysterical, heavily medicated and/or intoxicated when the prior statements were made. Lara's trial testimony was that the version of events she gave at trial was the true version.   Petitioner's characterization of her testimony as accusing defense counsel of suborning perjury is not accurate. She testified that she was often intoxicated when she met with defense counsel prior to trial, and that Mr. Goodwin knew she was intoxicated.  She did not allege that he knew "the truth" about the events immediately preceding the shooting and demanded that she tell a different version. Lara admitted that Mr. Goodwin never told her to lie and that he told her to tell the truth. See Dkt. # 12-15, Tr. Trans. at 563.

Based on that record, the Court finds Petitioner has failed to demonstrate entitlement to habeas relief under § 2254(d). Petitioner has failed to demonstrate that defense counsel actively represented conflicting interests or that an actual conflict of interest adversely affected Mr. Goodwin's performance. Because nothing in the record suggests that the OCCA's denial of relief on this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, habeas corpus relief shall be denied on this claim.

### 3. Lesser included offense instruction (ground 5)

In ground 5, Petitioner alleges that the trial court violated his right to a fundamentally fair trial by sua sponte instructing the jury on the uncharged crime of Assault and Battery With a Dangerous Weapon. See Dkt. # 6. On direct appeal, Petitioner argued that he was denied his opportunity to present his "all or nothing" defense. See Dkt. # 10, Ex. 1 at 24. The OCCA rejected this claim, finding as follows:

> [Appellant] argues for the first time on appeal that the instructions on the lesser-included offense of assault and battery with a dangerous weapon were erroneous. When a defendant convicted of a lesser included offense complains on appeal, we consider the sufficiency of the evidence to support the conviction, and whether the defendant was unfairly surprised by the instructions, or accepted the lesser-offense alternative as a benefit. *McHam v. State*, 2005 OK CR 28, ¶ 21, 126 P.3d 662, 670. Appellant was charged in this case with shooting with intent to kill, in violation of 21 O.S.2001, § 652(A). Assault and battery with a dangerous weapon is a lesser included offense of shooting with intent to kill. *Brown v. State*, 1983 OK CR 174, ¶ 7, 674 P.2d 46, 47-48; *Castleberry v. State*, 1924 OK CR 12, 26 Okl.Cr. 59, 221 P. 1044. The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. 22 O.S.2001, § 916. The District Court recognized and fulfilled its duty to instruct on the lesser-included offense shown by the evidence. Defense counsel accepted the lesser-offense alternative, and sound strategic reasons supported the decision to do so. There is no plain error.

(Dkt. # 10, Ex. 3 at 4-5).

"[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>see</u> <u>also</u> <u>Hooks v. Workman</u>, 606 F.3d 715, 748 (10th Cir. 2010).  In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle</u>, 502 U.S. at 67-68. Generally, matters concerning the giving of jury instructions are considered questions of state law and not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254. <u>Henderson v. Kibbe</u>, 431 U.S. 145 (1977). "A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." <u>Maes v. Thomas</u>, 46 F.3d 979, 984 (10th Cir. 1995).

As noted in <u>McHam v. Workman</u>, 247 Fed. Appx. 118, 120-21 (10th Cir. 2007) (unpublished),[3] "[i]t is axiomatic that an indictment [or charging information] for one crime carries with it notice that lesser offenses included within the specified crime are also charged and must be defended against." <u>Id.</u> (citations omitted).  <u>See</u> <u>also</u> <u>Bibbee v. Scott</u>, 201 F.3d 447 (10th Cir. 1999) (unpublished) (holding petitioner received sufficient notice of lesser included offense, for due process purposes, from indictment on greater offense). As a result, any claim based on an alleged lack of notice that Petitioner had to defend against the lesser included offense of Assault and Battery With a Dangerous Weapon is without merit. Furthermore, no Supreme Court decision has recognized a right of a defendant to waive, or to preclude, the giving of a lesser included offense instruction to the jury. <u>McHam</u>, 247 Fed. Appx. at 120. Thus, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) because he cannot demonstrate that a right to assert an "all or nothing" defense

---

[3]This and other unpublished opinions cited for persuasive value.  <u>See</u> 10th Cir. R. 32.1(A).

is derived from Supreme Court precedent. Id. (citing Carter v. Ward, 347 F.3d 860, 863 (10th Cir.

2003)). Lastly, Petitioner has failed to demonstrate that the sua sponte inclusion of an instruction

on the lesser included offense of Assault and Battery With a Dangerous Weapon rendered his trial

fundamentally unfair.  He is not entitled to habeas corpus relief on this claim.

### 4.   Failure to instruct properly (part of ground 6)

As part of ground 6, Petitioner complains that the Assault and Battery With a Dangerous

Weapon instruction was erroneous because it failed to state that Petitioner's defense of "protection

of others" and the presumption of innocence applied to the instruction.  In rejecting this claim, the

OCCA ruled as follows:

> Error in misdirection of the jury is reversible only where it probably resulted in a
> miscarriage of justice or denied the defendant a substantial statutory or constitutional
> right. 20 O.S.2001, § 3001.1.  Jury instructions are sufficient if when read as a whole
> they state the applicable law. *McGregor v. State*, 1994 OK CR 71, ¶ 23, 885 P.2d
> 1366, 1380.
>
> Appellant reads the instructions very differently and thus finds them
> erroneous for failing to repeat the presumption of innocence and the State's burden
> of proof with respect to the lesser-included offense of assault with a dangerous
> weapon. Particularly, he objects that the jury was not instructed that his "self-
> defense" -- in fact, defense of another -- was not repeated or emphasized in
> instructions concerning the lesser-included offense. The instructions advised the jury
> of the elements of each offense, including in both cases an element of wrongfulness,
> or lack of justification for the shooting. This cast upon the State the burden of
> proving Appellant did the shooting, as well as disproving beyond a reasonable doubt
> Appellant's claim that he acted in defense of another. Read as a whole, the
> instructions protected Appellant's presumption of innocence and his right to be
> convicted only upon proof of guilt beyond a reasonable doubt. His arguments to the
> contrary are purely technical and unconvincing. There is no plain error.

(Dkt. # 10, Ex. 3).

As discussed above, matters concerning the giving of jury instructions are considered

questions of state law and not proper subjects of federal habeas corpus review under 28 U.S.C. §

2254. See, e.g., Henderson, 431 U.S. at 153-57. "A state conviction may only be set aside in a

habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." Maes, 46 F.3d at 984. The Court has reviewed the instructions given in this case and agrees with the OCCA's assessment that when read as a whole, the instructions protected Petitioner's presumption of innocence and his right to be convicted only upon proof of guilt beyond a reasonable doubt. He is not entitled to habeas corpus relief on this claim.

### 5.  Prosecutorial misconduct (ground 7)

As his seventh proposition of error, Petitioner alleges that he was denied a fair trial because the prosecutor made improper comments during closing argument. On direct appeal, the OCCA cited Frazier v. State, 607 P.2d 709, 711 (Okla. Crim. App. 1980), and rejected this claim, stating that "[w]e have reviewed all of the challenged comments and find the remarks were either fair comments on the evidence or comments made in response to arguments by defense counsel The arguments were not grossly improper or unwarranted."  See Dkt. # 10, Ex. 3 at 7-8.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).  "[I]t is not enough that the prosecutors' remarks were undesirable

or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quotation omitted). To make out a constitutional due process violation warranting reversal of a jury's verdict, the comments must so infect the entire proceedings as to "impede the jury's ability to judge the evidence fairly." Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 570 (10th Cir. 2000), overruled on other grounds by McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001) (en banc).

Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because, as determined below, he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court.  See 28 U.S.C. § 2254(d).

### a.  Improper reference to the Bible and a husband's jealousy

As the first instance of prosecutorial misconduct identified on direct appeal, Petitioner claimed that, during closing argument, the prosecutor improperly referenced the Bible and stated that "jealousy arouses a husband's fury" and causes him to take revenge.  See Dkt. # 6 at 34 (citing Dkt. # 12-12, Tr. Trans. at 11).  Upon careful review of the record in this case, the Court cannot find that the biblical reference was so egregious in the context of the entire trial that it rendered the trial fundamentally unfair. Donnelly, 416 U.S. at 642-48; Cummings, 161 F.3d at 618. The challenged comments by the prosecutor could not plausibly have tipped the scales in favor of the prosecution. Smallwood, 191 F.3d at 1275-76.

### b.  Invoking sympathy for the victim

Petitioner also argues that the prosecutor improperly invoked sympathy for the victim, Marc Lorrin.  Petitioner complains that the prosecutor focused the jury's attention on the testimony of the medical examiner and stated that "but for a miracle" this would have been a murder case, and went

on to note that Marc Lorrin's "life will be forever affected by that rage, that jealousy-induced rage and fury unleashed against him by that defendant." See Dkt. # 6 at 34-35 (citing Dkt. # 12-12, Tr. Trans. at 11, 19). Those comments were not unreasonable in light of the evidence presented at trial, including evidence demonstrating the seriousness of the head injury sustained by Marc Lorrin. See, e.g., Dkt. # 12-13, Tr. Trans. at 94. The prosecutor's comments were based on reasonable inferences from the evidence and were fair.

After reviewing the record in this case, the Court finds that the prosecutor's comments did not so infuse Petitioner's trial with unfairness as to result in the denial of due process. As a result, the OCCA's resolution of this claim was not contrary to, or an unreasonable application of, Donnelly. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 6.  Ineffective assistance of appellate counsel (part of ground 1)

As part of ground 1, Petitioner claims that appellate counsel provided ineffective assistance. Specifically, he complains that appellate counsel failed to develop readily available evidence to show that Petitioner had personal knowledge of the abuse suffered by Lara at the hands of Marc. See Dkt. # 6. Petitioner specifically cites to an incident which occurred on August 29, 2003. Id. On that date, the police investigated a domestic abuse call involving Marc and Laura. Id. On post-conviction appeal, the OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, finding as follows:

> To support his claim of ineffective appellate counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

. . . Petitioner has not established that further development of his knowledge of the victim's prior actions, or further development of the record, would have or should have changed the outcome of his appeal. *Strickland*, *supra*. Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2005-2139 should be, and is hereby, **AFFIRMED**.

(Dkt. # 10, Ex. 4 at 2-3).

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel as raised in ground one, Petitioner must demonstrate that the OCCA unreasonably applied Strickland. As discussed above, the Strickland standard requires a defendant to show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Pinholster, 131 S. Ct. at 1403. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

19

The Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d). The jury knew, through the testimony of Lara, that Marc had abused her and that Petitioner knew that Marc had abused her.  See Dkt. # 12-15, Tr. Trans. at 513.  In addition, Lara's mother, Diana Bartlett, testified that Lara had sustained a broken arm and cuts on her thighs and that the injuries were sustained before Lara met Petitioner. See Dkt. # 12-14, Tr. Trans. at 322-23.  Thus, the fact that Lara had been abused by Marc and that Petitioner knew about the abuse was before the jury. Petitioner has not demonstrated a reasonable probability that the result of his appeal would have been different had appellate counsel further developed these facts. Therefore, Petitioner has not demonstrated that the OCCA's adjudication was an unreasonable application of Strickland. 28 U.S.C. § 2254(d).

### 7.  Cumulative error (ground 8)

As his eighth ground of error, Petitioner complains that the cumulative effects of error at trial deprived him of a fundamentally fair trial.  See Dkt. # 6. On direct appeal, the OCCA found that "Appellant has not shown any individual errors occurred during trial. Thus, there is no cumulative effect of errors to be considered."  See Dkt. # 10, Ex. 3 at 11.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States

v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds

no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the

OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as

determined by the Supreme Court. 28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief

on this ground.

**D.  Procedural Bar (ground 2 and part of ground 1)**

Respondent argues that the ineffective assistance of trial counsel claims raised in ground 1

as well as the claim raised in ground 2 are procedurally barred from this Court's review as a result

of Petitioner's failure to raise those claims on direct appeal.  See # 10.  In affirming the state district

court's denial of post-conviction relief, the OCCA found as follows:

> Petitioner has failed to establish entitlement to any relief in this post-conviction
> proceeding. With the exception of his claim of ineffective appellate counsel, he has
> not raised any issue that either was not or could not have been asserted during his
> trial or in his direct appeal.  All issues which were raised and decided on direct
> appeal are barred from further consideration by *res judicata*, and all issues which
> could have been previously raised but were not are waived.  22 O.S.2001, § 1086;
> *Davis v. State*, 2005 OK CR 21, ¶ 2, 123 P.3d 243, 244.

(Dkt. # 10, Ex. 4).

The doctrine of procedural default prohibits a federal court from considering a specific

habeas claim where the state's highest court declined to reach the merits of that claim on

independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for

the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s]

that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v.

Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995);

Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural

default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's ground 2, as well as his claim of ineffective assistance of trial counsel identified in ground 1, were first raised on post-conviction appeal and are procedurally barred from this Court's review.  Based on Okla. Stat. tit. 22, § 1086, the OCCA routinely bars claims that could have been but were not raised on direct appeal.  The state court's procedural bar as applied to these claims was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.  Additionally, the procedural bar applied to the ground 2 claims was an "adequate" state ground because, as stated above, the OCCA consistently declines to review claims which could have been but were not raised on direct appeal. Okla. Stat. tit. 22, § 1086.

The Court also finds that the bar imposed by the OCCA on Petitioner's claim of ineffective assistance of trial counsel as raised in ground 1 was based on state law grounds adequate to preclude federal review.  When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default.  Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir.

1988)).   The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in <u>English v. Cody</u>, 146 F.3d 1257 (10th Cir. 1998).  In <u>English</u>, the circuit court concluded that:

> <u>Kimmelman</u>, <u>Osborn</u>, and <u>Brecheen</u> indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

<u>Id.</u> at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in <u>English</u>, the Court concludes that Petitioner's claim of ineffective assistance of trial counsel is procedurally barred. At trial, Petitioner was represented by attorneys James O. Goodwin and Anna Goodwin Benn.  On appeal, Petitioner was represented by attorney Gloyd L. McCoy. For purposes of the first requirement identified in <u>English</u>, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal.  The second <u>English</u> factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  <u>Id.</u> at 1263-64. Petitioner alleged on post-conviction appeal that his trial counsel provided ineffective assistance when he failed to develop readily available evidence to show that Watson had personal knowledge of the abuse suffered by Lara at the hands of Marc. Even if Petitioner's defaulted claim could not be resolved on the trial record alone, he has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, <u>Rules of the Oklahoma Court of Criminal Appeals</u>, was inadequate to allow him to adequately develop a record on his ineffective assistance of counsel claim.  <u>See</u> <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural

bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Petitioner did not file a reply and has not otherwise challenged the State's procedural rules. As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claim of ineffective assistance of trial counsel as raised in his post-conviction proceedings is procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750.  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise his defaulted claims on direct appeal. See Dkt. # 1 at 5 and 6. The Court has addressed Petitioner's ineffective assistance of appellate counsel claim as raised in ground 1 in Part C(6), above, and found the claim to be without merit. As a result, Petitioner's ineffective assistance of appellate counsel claim cannot serve as "cause" to overcome the procedural bar applicable to the claim of ineffective assistance of trial counsel raised in ground 1.

As to Petitioner's ground 2 claim, the OCCA determined on post-conviction appeal that appellate counsel did not provide ineffective assistance in failing to raise the underlying claim on direct appeal because "[e]ven under Petitioner's own version of the facts in this case, there is no evidence that the victim had forcibly or unlawfully entered Petitioner's dwelling or residence, or that the victim was attempting to remove another from the dwelling or residence against their will, such that even the amended version of the 'stand your ground' laws in defense of dwellings would be applicable. 21 O.S.Supp.2006, § 1289.25(B)(1)." See Dkt. # 10, Ex. 4.  In this habeas corpus action, Petitioner does not allege that the OCCA's adjudication of this ground of ineffective assistance of appellate counsel was an unreasonable application of Strickland. Upon review of the record, the Court finds appellate counsel did not perform deficiently in failing to raise a claim based on Oklahoma's amended "stand your ground" law on direct appeal. As a result, ineffective assistance of appellate counsel cannot serve as "cause" to overcome the procedural bar applicable to ground 2 as raised in the supporting brief.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the

burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crime for which he was convicted based on his defense of "defense of another." However, he provides no new evidence demonstrating that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not shown "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

**E.     Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

26

In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. #1) is **denied**.  A separate judgment shall be entered in this matter.  A certificate of appealability is **denied**.

DATED THIS 1st day of February, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

28